18324

Elma DAVIDSON, Respondent, v. EASTERN FIRE & CASUALTY
INSURANCE COMPANY, Appellant

(141 S. E. (2d) 135)

*Messrs. Turner, Padget, Graham & Laney,* of Columbia, *for Appellant,*

*Donald v. Richardson, III,* and *Whaley & McCutchen,* of Columbia, and *Stuckey & Stuckey* and *Jennings & Jennings,* of Bishopville, *for Respondent,*

March 16, 1965.

LIONEL K. LEGGE, Acting Justice.

Stated in general terms, the issue here is as follows: Where, as the result of a collision between an uninsured motor vehicle and an automobile driven by one not its owner, a guest passenger not the spouse or relative of such driver or spouse is injured, is such passenger entitled, as an "insured" within the intent of Sections 46-750.11, 46-750.13 and 46-750.14 of the 1962 Code of Laws, to uninsured motorist coverage under a policy of automobile liability insurance issued to such driver on his own car?

On March 18, 1962, the plaintiff Elma Davidson was a passenger in a 1952 Oldsmobile owned by James Branham and being driven by Bobby Darity, when said vehicle was struck by an automobile owned and operated by Adam Stuckey, an uninsured motorist. To recover damages for bodily injuries resulting from said accident she sued Stuckey and obtained judgment by default for twenty thousand ($20,-000.00) dollars, which was not paid. Branham did not have automobile liability insurance; but Darity, the driver of the Oldsmobile, had such a policy, in effect at the time of the accident, issued by Eastern Fire & Casualty Insurance Company, covering a 1955 Ford owned by him. Plaintiff brought this action against Eastern, claiming that by virtue of her judgment against Stuckey Eastern was liable to her, under the South Carolina Uninsured Motorist Law (Code, 1962, Sections 46-750.11, 46-750.13 and 46-750.14) in the amount of ten thousand ($10,000.00) dollars, which was the limit of the coverage, for bodily injury to one person, under its liability policy before mentioned.

Eastern denied liability, alleging that the plaintiff was not an insured within the meaning of the statute and therefore was not within the uninsured motorist coverage of its policy.

The case was heard on an agreed statement of facts before the Honorable John Grimball, Judge of the Fifth Judical Circuit, from whose adverse decree Eastern has appealed.

We note from the agreed statement before mentioned that no uninsured motorist coverage endorsement was attached to Eastern's policy, although prior to the issuance of said policy Eastern had filed such an endorsement, in the form always used by it, with the South Carolina Insurance Department, and the form so filed had been approved by that Department. A copy of such form was included in the record of this appeal.

In our consideration of the issue here involved we look to the statute, not to the endorsement before mentioned. For although the Department's construction of the endorsement filed with it, as being in compliance with the statute, is entitled to most respectful consideration and should not be overruled without cogent reasons, *Stephenson Finance Co. v. South Carolina Tax Commission,* 242 S. C. 98, 130 S. E. (2d) 72, recourse to executive construction is usually and properly restricted to cases in which the meaning of the statute is really doubtful, there being no occasion for it where the language of the statute is plain and unambiguous and conveys a clear and definite meaning, *Glens Falls Insurance Co. v. City of Columbia,* 242 S. C. 237, 130 S. E. (2d) 573. An uninsured motorist endorsement that contravenes the requirements of the statute is, to that extent, invalid, regardless of the Department's approval of it. *Vernon v. Harleysville Mutual Casualty Co.,* 244 S. C. 152, 135 S. E. (2d) 841; *Southern Farm Bureau Casualty Ins. Co. v. Fulton,* 244 S. C. 559, 137 S. E. (2d) 769; *Hatchett v. Nationwide Mutual Ins. Co.,* 244 S. C. 425, 137 S. E. (2d) 608.

We are not to be understood as here determining whether Eastern's endorsement as filed with the Insurance Department meets, or fails to meet, all or any of the statutory requirements. But it may not be amiss to point out that the Department, in the interest of both the insurer and the insured, should approve a form of uninsured motorist endorsement submitted by an insurer only after being satisfied, from thorough examination of it, that it is in full conformity with the statutory requirements.

The pertinent provisions of the 1962 Code read as follows:
"Section 46-750.11:

\* \* \*

"(2) The term 'insured,' as used in § 46-750.14, \* \* \* means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above \* \* \*.

\* \* \*

"Section 46-750.13: No policy or contract of bodily injury liability insurance or of property damage liability insurance covering liability arising from the ownership, maintenance or use of any motor vehicle shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the person named therein and any other person, as insured, using any of those motor vehicles with the express or implied permission of the named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles within the United States or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle, as follows: Ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident and five thousand dollars because of injury to or destruction of property of others in any one accident.

"Section 46-750.14: Nor shall any such policy or contract be so issued or delivered as described in § 46-750.13 unless

it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than the requirements of § 46-750.13. Such endorsement or provisions shall also provide for no less than five thousand dollars coverage for injury to or destruction of the property of the insured in any one accident, but may provide an exclusion of the first two hundred dollars of such loss or damage. No additional charge shall be made to the policyholder for such endorsement * * *." ,

Automobile liability coverage, while subject to certain statutory requirements, is in the main a voluntary contract between the insurer and the car owner. Uninsured motorist coverage is another and quite different contract here made not voluntary but under statutory compulsion, imposing upon the liability insurer an additional obligation, for which no additional premium is paid. It should not by judicial interpretation be extended beyond the plain intent of the statute. *Laird v. Nationwide Insurance Co.*, 243 S. C. 388, 134 S. E. (2d) 206.

The term "insured", under the uninsured motorist coverage, is defined in Section 46-750.11 (2), supra, which clearly refers to two classes (including their respective personal representatives) of insureds, each having a specific period of coverage, viz. :

1. The named insured, his spouse and his or her relatives resident in the same household, "while in a motor vehicle or otherwise"; and

2. Any person using, with the consent of the named insured, "the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies."

The members of the first class are covered "while in a motor vehicle or otherwise", i. e., at all times. The members of the second, viz. : the permissive user and the guest, are covered while using, or a guest in, the motor vehicle to which

the policy applies, i. e., the motor vehicle designated in the policy.

The plaintiff does not contend that she is in the first class of insureds before mentioned. She bases her claim upon the provisions of Paragraph V of Eastern's policy, which extended the benefit of its liability coverage to use by the insured of "any other automobile". We find no merit in this position. The provisions thus sought to be relied upon do not relate to uninsured motorist coverage; they are provisions of the liability coverage, whereby Eastern contracted to pay "all sums which the insured shall become legally obligated to pay as damages because of bodily injury. * * *" It is not suggested that Darity was in any way liable for the respondent's injury. The issue here is not whether the respondent is entitled to the benefit of the liability coverage of Darity's policy, but whether she is entitled, as an "insured" within the meaning of Section 46-750.11, to the benefit of the uninsured motorist coverage required of Eastern by Section 46-750.14. Not being a member of either of the two classes of insured defined in Section 46-750.11, she is not within such coverage.

Reversed.

TAYLOR, C. J., and Moss, LEWIS and BUSSEY, JJ., concur.