## Richmond

MICHAEL MARTIN BAYER

V.

THE TRAVELERS INDEMNITY COMPANY, ETC.

June 6, 1980.

Record No. 781067.

Present: All the Justices.

*Benjamin H. Woodbridge, Jr.,* for appellant.
*John O. Easton (Carr, Jordan, Coyne & Savits,* on brief), for appellee.

PER CURIAM.

In this insurance appeal, the question is whether a claimant, injured while a passenger in his own uninsured automobile during a collision with another uninsured vehicle, may recover under the uninsured motorist endorsement of a liability policy written on other vehicles owned by the driver of the claimant's automobile.

Bruce Lewis Whitaker, operator of an automobile repair shop in Stafford County, was the Named Insured under a general liability and automobile liability policy which included an uninsured motorist endorsement and garage liability coverage. The policy was issued by appellee The Travelers Indemnity Company, also known as Travelers Insurance Company. Under the automobile coverages, the combination policy insured two motor vehicles owned by Whitaker.

The policy was effective on November 1, 1976, when Whitaker was operating a motor vehicle owned by appellant Michael Martin Bayer in which Bayer was riding as a passenger. On that day, a vehicle owned and operated by one James Dale Hay drove on the wrong side of a roadway and collided with Bayer's vehicle, injuring Bayer. Bayer previously had taken his car to Whitaker's shop for repairs, and Whitaker was in the process of road testing the vehicle some distance from the repair shop when the collision occurred. Both the Bayer and Hay vehicles were uninsured.

Subsequently, Bayer sued Hay for damages. Bayer served Travelers with notice of that action, pursuant to Code § 38.1-381 (e1), seeking to obtain coverage under the uninsured motorist provisions of Whitaker's policy with Travelers.*

---

*Insofar as pertinent here, § 38.1-381(e1) provides:

Any insured intending to rely on the coverage required by [the Virginia Unin-

Later Travelers filed the instant declaratory judgment proceeding naming Bayer, Hay and Whitaker as defendants. Travelers sought an adjudication that it owed no contractual or statutory duty to Bayer under its policy of insurance with Whitaker. Upon consideration of the pleadings, the policy of insurance and argument of counsel, the trial court, in a memorandum opinion, ruled in favor of Travelers, finding that Bayer was not entitled to coverage under the policy. We awarded Bayer an appeal from the May 1978 judgment order.

The applicable uninsured motorist provisions of Travelers' policy provide that the insurer will pay, in accordance with Virginia's Uninsured Motorist Law, "all sums which the Insured . . . shall be legally entitled to recover" as damages from the operator of an uninsured automobile because of bodily injury "sustained by the Insured." The uninsured motorist endorsement defines the word "Insured" as "(a) the Named Insured and, while residents of the same household, his spouse and the relatives of either" and "(b) any other person while occupying an insured automobile." The endorsement defines "Insured automobile" as "an automobile registered in Virginia with respect to which the bodily injury and property damage liability coverages of the policy apply."

On appeal, Bayer contends the trial court erred in failing to rule he was afforded coverage under Travelers' Policy for his injuries sustained in the accident. He observes that to receive the benefits he must qualify as an "Insured" under the foregoing policy definition. Noting he is not the Named Insured nor a member of the same household or a relative of Whitaker, Bayer says the question is whether he meets the definition by virtue of being "any other person . . . occupying an insured automobile." He contends resolution of the issue turns on whether the vehicle in which he was riding was an "Insured automobile" within the meaning of the endorsement.

Bayer's theory is that because Whitaker was a permissive user of Bayer's vehicle at the time of the accident, the omnibus provisions of Whitaker's policy afforded Whitaker protection in the operation of the automobile. Thus, Bayer urges, in accordance with the policy language he was the occupant of an automobile "with respect to which the bodily injury and property damage liability coverages of

sured Motorist Law] shall, if any action is instituted against the owner or operator of an uninsured motor vehicle, serve a copy of the process upon the insurance company issuing the policy in the manner prescribed by law, as though such insurance company were a party defendant; such company shall thereafter have the right to file pleadings and take other action allowable by law in the name of the owner or operator of the uninsured motor vehicle or in its own name; . . . .

the policy apply" and was therefore riding in an "Insured automobile." In effect Bayer argues, as the trial court noted, that Whitaker's liability coverage followed Whitaker into the Bayer vehicle, and thus the vehicle thereby became "insured."

■ We do not agree with Bayer's contentions. Neither Travelers' general liability nor automobile liability policy provisions afforded coverage for Bayer's vehicle. Consequently, Bayer was not an "Insured" and his motor vehicle was not an "Insured automobile" within the meaning of the uninsured motorist endorsement.

We will not burden this writing with detailed recitations of additional policy provisions. In summary, the combination policy was issued to Whitaker individually and covered two described motor vehicles. Non-owned automobiles, that is, automobiles not owned by Whitaker, were not covered. As to Whitaker, Bayer's automobile was a non-owned automobile.

Moreover, the uninsured motorist endorsement was subject to the insuring agreements of the automobile and garage liability provisions of the policy; they covered Whitaker's use of a non-owned automobile only if Whitaker became legally obligated to pay damages. There was no allegation that Whitaker was at fault in the accident sued upon.

Furthermore, Bayer did not qualify as a "person insured" under any of the basic liability provisions of the policy. In fact, the garage liability portion expressly eliminated as insured those persons like Bayer who were passengers in their own automobiles.

■ In Virginia, uninsured motorist coverage is meant to protect an insured motorist, his family and permissive users of his vehicle against the peril of injury by an uninsured wrongdoer, not to provide "insurance coverage upon each and every uninsured vehicle to everyone." *Nationwide Mutual Insurance Co.* v. *Harleysville Mutual Casualty Co.,* 203 Va. 600, 603, 125 S.E.2d 840, 843 (1962). Here, Bayer seeks to use the basic liability coverage protecting Whitaker individually during his operation of a non-owned automobile as a means of cloaking the Bayer vehicle with uninsured motorist coverage. As we have demonstrated, the only Travelers' coverage "applying" to Bayer's vehicle was that afforded Whitaker in the event he was legally liable for damages while operating that vehicle. The words "liability coverages" in the "Insured automobile" definition of the uninsured motorist endorsement, *supra,* did not refer to Travelers' uninsured motorist coverage. Hence, Bayer's vehicle was not an "Insured automobile" and Bayer was not an "Insured" under the policy.

*See Davidson* v. *Eastern Fire & Casualty Insurance Co.,* 245 S.C. 472, 141 S.E.2d 135 (1965).

For these reasons, we conclude the trial court did not err and the judgment below will be

*Affirmed.*