# CIRCUIT COURT OF THE CITY OF RICHMOND

Particia A. McDuffie

v.

Progressive Northwestern
Insurance Co.
and Progressive Casualty
Insurance Co.

May 4, 2007

Case No. CL06-5494-1

BY JUDGE T. J. MARKOW

Plaintiff moves the Court for judgment in the amount of $25,000.00 against the defendants. The question before the Court is whether the uninsured motorist provision of a non-owner driver's auto insurance covers damages suffered by the plaintiff who was injured while a passenger in her own vehicle by the negligence of an uninsured third party. The non-owner driver was not at fault in causing any of the plaintiff's injuries.

Patricia A. McDuffie, the plaintiff, was injured in a collision on October 3, 2005. At the time of the accident, McDuffie was a passenger in her own car driven by William Hill. The sole tortfeasor, Dimitri D. Washington,

was driving the other car in the collision. Neither Washington, nor the car he was driving, was insured.

Due to the injuries that McDuffie sustained in the accident, she sued Washington. On August 17, 2006, judgment was entered against Washington in the amount of $150,000.00. McDuffie's insurer, Integon Casualty Company, paid her its uninsured motorist coverage in the amount of $25,000.00.

Even though Hill was driving McDuffie's vehicle at the time of the accident, it was never alleged that Hill was negligent in his operation of the vehicle. He was never named a defendant in the underlying tort action. Hill's auto insurer is defendant, Progressive Northwestern Insurance Company ("Progressive"). The policy includes uninsured motorist coverage.

McDuffie argues that, because the Progressive policy provides Hill liability coverage whenever he is the permissive user of a motor vehicle (here McDuffie's auto), that vehicle is an "insured motor vehicle" as defined in Part IV, § V, of the policy. She claims that this status of her motor vehicle triggers uninsured motorist coverage for her. See Part IV, § II, of Hill's policy.

While the Supreme Court of Virginia has reviewed the issue of uninsured or underinsured motorist coverage in several cases, *Bayer v. Travelers Indemnity Co.*, 221 Va. 5, 267 S.E.2d 91 (1980), controls this case. In *Bayer*, the Supreme Court determined that, in a vehicle collision, a non-owner driver's uninsured motorist coverage is triggered only when his liability coverage has also been triggered, for instance, when the non-owner driver's negligence was a proximate cause of the collision. *Id.* at 8, 267 S.E.2d at 93. When a person is a passenger in her own car, she does not receive the benefit of coverage by another's uninsured motorist provision, simply by allowing that party to drive her vehicle.

In *Bayer*, the driver of plaintiff's vehicle, was a permissive user and was operating the vehicle with the plaintiff as passenger, as was Hill in this case. *Id.* at 6, 267 S.E.2d at 92. Also in *Bayer* the plaintiff-owner was injured, as was McDuffie, in a collision caused by the negligence of an uninsured third party. *Id.*

The most significant parallel between the facts of the two cases is that, in neither case, was the non-owner driver of injured owner's car at fault or legally obligated to pay any damages resulting from the use of plaintiff-owner's car. The Supreme Court held that, "only if [the non-owner driver of the injured owner's car] became legally obligated to pay damages", would the uninsured motorist provision's coverage follow the driver. *Bayer*, 221 Va. at

8, 267 S.E.2d at 93. As in this case, because the driver in *Bayer* was not alleged to be at fault for the accident, the Court did not extend the driver's uninsured motorist coverage to the complainant's damages. *Id.*

In a later case that distinguished *Bayer*, the Court found uninsured motorist coverage under the policy held by the driver of the injured owner's car where that the driver was jointly negligent with the driver of the second car in causing the plaintiff's injuries. *Nationwide Mutual Ins. Co. v. Hill*, 247 Va. 78, 80, 439, S.E.2d 335, 336 (1994). There, the Court specifically stated that, "unlike [the non-owner driver in *Bayer*], [the non-owner driver in *Hill*] was legally obligated to pay damages resulting from her use of that vehicle. This factual difference is a significant distinction between the two cases." *Id.* at 83, 439 S.E.2d at 338. The facts in this case are those in *Bayer* and not those in *Hill*.

The Progressive policy provides no uninsured motorist coverage to the plaintiff, McDuffie. It is, therefore, ordered that judgment is awarded the Defendants, Progressive Northwestern Insurance Company and Progressive Casualty Insurance Company, against the plaintiff, Patricia A. McDuffie, and the plaintiff shall take nothing from them. Plaintiff's objections are noted. Copies of this order are mailed this day to counsel of record.