605 F.Supp. 133 (1985)
HARLEYSVILLE MUTUAL INSURANCE COMPANY, INC., Plaintiff,
v.
NATIONWIDE MUTUAL INSURANCE COMPANY, INC., Defendant.
Richard Ruggles BAKER, Lavalleys Wholesale Florists, and Harleysville Mutual Insurance Company, Inc., Plaintiffs,
v.
Joel Ray HOLLINGSWORTH, John Doe, and Nationwide Mutual Insurance Company, Defendants.
Richard Ruggles BAKER, Lavalleys Wholesale Florists, and Harleysville Mutual Insurance Company, Inc., Plaintiffs,
v.
Joel Ray HOLLINGSWORTH, John Doe, and Nationwide Mutual Insurance Company, Defendants.
Civ. A. Nos. 84-0130-D, 84-0129-D and 85-0001-D.
United States District Court, W.D. Virginia.
March 19, 1985.
*134 Ralph B. Rhodes, Hutcherson, Rhodes & Furrow, Ltd., Rocky Mount, Va., for plaintiff.
William F. Stone, Jr., Stone & Worthy, Martinsville, Va., for defendant.

OPINION
TURK, Chief Judge.
On October 21, 1983, Joel Ray Hollingsworth was involved in a motor vehicle accident in Henry County with Richard Ruggles Baker. The accident was precipitated when John Doe, an unknown, and therefore uninsured motorist, pulled onto the highway in front of a truck driven by Richard Baker, causing Baker's truck to jacknife. Hollingsworth was unable to stop in time to avoid a collision.
At the time of the accident, Hollingsworth's vehicle was insured by a policy of liability insurance issued by Nationwide Mutual Insurance Company ("Nationwide"). The limit of the uninsured motorist provision provided by Nationwide was $100,000. Baker's truck was owned by his employer, LaValleys Wholesale Florist, Inc. ("LaValleys"), and was insured by Harleysville Mutual Insurance Company ("Harleysville"). This policy contained a single limit of $300,000.
As a result of this accident, Joel Hollingsworth obtained a joint and several judgment against Baker, LaValleys, and John Doe in the Circuit Court of Henry County on September 28, 1984, in the amount of $100,000. On October 24, 1984, Harleysville filed two suits in the Circuit Court of Henry County. The first asked the court to declare the rights and liabilities of the respective insurance companies to Hollingsworth as a result of the September 28, 1984, judgment while the second sought to enjoin Hollingsworth from executing on that judgment. While these actions were pending, Harleysville voluntarily paid one-half the judgment amount, or $50,000, to Hollingsworth. Subsequently, Hollingsworth made a written demand upon his own carrier, Nationwide, for satisfaction of the remaining $50,000, under its uninsured motorist provision. This demand was refused. On November 29, 1984, Nationwide filed petitions for removal in both actions, based on diversity of citizenship under 28 U.S.C. Section 1332.
*135 On December 3, 1984, a third suit was filed in Henry County Circuit Court. This declaratory judgment action sought to define the rights and liabilities of all the parties involved. A petition for removal was subsequently filed by Nationwide, on January 3, 1985, based on diversity of citizenship.[1] It is these three actions which are presently before this court.

I. REMOVAL JURISDICTION.
The plaintiffs in these actions contend that John Doe is an indispensable party and because his joinder would destroy the requisite diversity jurisdiction of this court, the cases must be remanded to the state court. While it is true that the defendants have produced no evidence that John Doe is not a resident and thus this court must consider John Doe as a citizen of Virginia for diversity purposes, Johnson v. General Motors Corp., 242 F.Supp. 778, 780 (E.D.Va.1965), it is this court's opinion that John Doe is not an indispensable party and thus that these cases need not be remanded.
A joint and several judgment in the amount of $100,000 has already been obtained against Baker and LaValleys, both insured by Harleysville, and John Doe. Harleysville has already paid one-half the judgment amount, or $50,000, to Joel Hollingsworth. Thus the only remaining issue is which insurer, Nationwide or Harleysville, will be required to pay the remaining $50,000, and in turn have the right to proceed against John Doe, if and when his identity becomes known.
If Nationwide is required to pay the remaining $50,000 under its uninsured motorist provision, it would be subrogated to the rights of its insured, Joel Hollingsworth, and could recover that sum from Harleysville or John Doe, should his identity become known. If Harleysville is required to pay the remaining amount, it would have a right of contribution from John Doe in the amount of $50,000. Since no relief is sought either in favor of, or against, John Doe in the declaratory judgment action, he is not a necessary party and his presence may be disregarded for the purposes of diversity jurisdiction. Johnson v. General Motors Corp., 242 F.Supp. 778, 780 (E.D. Va.1965).

II. ABSTENTION.
Harleysville Mutual Insurance Company, Inc. argues that even if John Doe is found not to be an indispensable party to this action the court should abstain from exercising jurisdiction on the ground that this case presents "a difficult question of state law bearing on policy problems of substantial public import whose importance transcends the result in the case at bar." Plaintiffs' Memorandum in Support of Plaintiffs' Position that John Doe is an Indispensable Party, p. 10. While this is a recognized basis for abstention, see Colorado River Water Conservation District v. United States, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), it does not apply in this case.
Although state claims are involved, the question to be decided is not difficult, and indeed has been settled since this court's decisions in Southern v. Lumbermens Mutual Casualty Co., 236 F.Supp. 370 (W.D.Va.1964), aff'd in part sub nom Lumbermens Mutual Casualty Co. v. Harleysville Mutual Casualty Co., 367 F.2d 250 (4th Cir.1966), and Hobbs v. Buckeye Union Casualty Co., 212 F.Supp. 349 *136 (W.D.Va.1962). If this court were to adopt Harleysville's sweeping basis for abstention, that there is no Virginia case answering the precise question presented by the pleadings, this court would be relegated to deciding only those cases in which every factual situation and every issue presented were identical to a case already decided by a Virginia court. Though this would certainly ease the congestion of the federal court docket, since every case presents some factual differences, it is not a valid basis for abstention. Drewry v. State Farm Mutual Automobile Insurance, 204 Va. 231, 129 S.E.2d 681 (1963), cited by Harleysville, is inapposite. Drewry involved a novel question of state law rather than, as here, an attempt to circumvent already established law by merely proceeding under a different theory of recovery.

III. RIGHT OF RECOVERY FROM UNINSURED MOTORIST CARRIER
Harleysville Mutual Insurance Company, Inc. contends that, under the uninsured motorist provision contained in the contract of insurance between Joel Hollingsworth and Nationwide, Nationwide is obligated to pay one-half of the judgment amount obtained against Harleysville and John Doe. It is interesting that Harleysville proceeds under a theory of contractual liability rather than one of contribution, for under a theory of contribution, the general rule is that indemnity furnished by the uninsured motorist clause may "not insure to the benefit of anyone other than [the insured]," as defined in Section 38.1-381(c) of the Virginia Code. Lumbermens Mutual Casualty Co. v. Harleysville Mutual Casualty Co., 367 F.2d 250, 255 (4th Cir. 1966). Specifically, "one joint tort feasor is entitled, in the absence of moral turpitude, to contribution from the insurer of another tort feasor. But when the other tort feasor is [an] uninsured [motorist] the party seeking contribution cannot seek it from the insurer of the injured plaintiff." Southern v. Lumbermens Mutual Casualty Co., 236 F.Supp. 370, 372 (W.D.Va.1964), aff'd in part sub nom Lumbermens Mutual Casualty Co. v. Harleysville Mutual Casualty Co., 367 F.2d 250 (4th Cir.1966).
The uninsured motorist provision in the insurance policy issued by Nationwide contains language almost identical to that in Lumbermens Mutual Casualty Co. It provides that uninsured motorist "insurance [may] not apply: (c) so as to inure directly or indirectly to the benefit of any insurer of property." Specimen: Nationwide's Family Automobile Policy, p. 22, § I(c). This clause would seem to have been placed in the uninsured motorist policy to cover the present situation, for it denies contractually what has long been prohibited by way of contribution. Therefore, regardless of whether Harleysville proceeds under a theory of contribution or contract, it may not seek recovery from Nationwide.
Neither may Joel Hollingsworth seek recovery from Nationwide under its uninsured motorist provision. As Judge Dalton noted in Hobbs v. Buckeye Union Casualty Co., 212 F.Supp. 349 (W.D.Va. 1962), "Virginia's uninsured motorist law ... is primarily concerned with providing adequate compensation for injured insureds when other sources are lacking." Id. at 351-2 (emphasis added). Certainly, however, there is no lack of a source of recovery where, as here, a joint and several judgment is obtained against two tort-feasors, one of which is insured, and the policy limits of the tortfeasor's insurer are greater than the total amount of the judgment.
Therefore, this court finds that the entire judgment amount of $100,000 must be satisfied by Harleysville Mutual Insurance Company, Inc., and that Harleysville may not recover any portion of that judgment from Nationwide Mutual Insurance Co. under Nationwide's uninsured motorist provision. Each side shall bear its own taxable costs. An accompanying order shall be entered this day.
The Clerk of Court is directed to send certified copies of this opinion to counsel of record.

*137 ORDER
In accordance with the Memorandum Opinion of this day, it is hereby

ORDERED
as follows:
(1) that Joel Ray Hollingsworth is entitled to receive the entire amount of the one hundred thousand dollar ($100,000.00) judgment rendered against Richard Ruggles Baker, LaValleys Wholesale Florists, and John Doe in the Circuit Court of Henry County on September 28, 1984, from Harleysville Mutual Insurance Company, Inc.;
(2) that Nationwide Mutual Insurance Company has no liability toward Joel Ray Hollingsworth since the limit of the policy issued by Harleysville Mutual Insurance Company, Inc. is greater than the total amount of the judgment; and
(3) that Joel Ray Hollingsworth should proceed to collect the entire amount of the judgment from Harleysville Mutual Insurance Company, Inc.
The Clerk of Court is directed to send certified copies of this Order to counsel of record and to strike these cases from the court's active docket.
NOTES
[1] The citizenship of the parties to this action are:

(1) Harleysville Mutual Insurance Company, Inc. is a corporation incorporated under the laws of Pennsylvania, with its principal place of business in Pennsylvania;
(2) Richard Ruggles Baker is a citizen of North Carolina;
(3) LaValleys Wholesale Florist is a corporation incorporated under the laws of North Carolina, with its principal place of business in North Carolina;
(4) Joel Ray Hollingsworth is a citizen of Virginia;
(5) Nationwide Mutual Insurance Company is a corporation incorporated under the laws of Ohio, with its principal place of business in Ohio.