**HARLEYSVILLE MUTUAL INSURANCE CO., INC.,**
Appellant,

v.

**NATIONWIDE MUTUAL INSURANCE CO., Appellee.**

No. 85–1401.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 10, 1985.

Decided April 24, 1986.

David A. Furrow (Ralph B. Rhodes; Hutcherson & Rhodes, Rocky Mount, Va., on brief), for appellant.

William F. Stone, Jr. (Stone & Worthy, Martinsville, Va., on brief), for appellee.

Before WIDENER and HALL, Circuit Judges, and McMILLAN, District Judge, Western District of North Carolina, sitting by designation.

WIDENER, Circuit Judge:

This is an appeal by the plaintiff, Harleysville Mutual Insurance Co. (Harleysville) in an action for declaratory judgment as to the rights and liabilities of two insurance carriers and the injured motorist resulting from a motor vehicle accident in Virginia. The district court declared that Harleysville, as liability insurer for the known tortfeasor, was solely responsible to the injured motorist for the damages caused by the accident. Because we have concluded that the district court partially misconstrued Virginia law, we affirm in part and reverse in part, and remand for action not inconsistent with this opinion.

On October 21, 1983, Joel Hollingsworth was involved in a motor vehicle accident with Richard Baker, an employee of LaValleys Wholesale Florist, Inc. (LaValleys), and with an unknown motorist. LaValleys owned the vehicle that Baker was operating at the time of the accident. Harleysville insured LaValleys' vehicle with a policy that had a liability limit applicable here of $300,000. Hollingsworth was himself insured by Nationwide Mutual Insurance Co. (Nationwide). Hollingsworth's insurance policy contained an uninsured motorist provision with a limit of $100,000. On September 28, 1984, Hollingsworth obtained a judgment, jointly and severally, against Baker, LaValleys, and the unknown motorist in the amount of $100,000. Harleysville, as LaValleys' insurer, voluntarily paid $50,000 to Hollingsworth, and Hollingsworth made demand upon his own insurance carrier, Nationwide, for satisfaction of the judgment under the uninsured motorist provision in Hollingsworth's policy.[1] Nationwide refused Hollingsworth's demand, claiming that it was not responsible directly to Hollingsworth because Hollingsworth had available to him liability insurance from the policy issued by Harleysville to Baker in excess of the total amount of the judgment.

On December 3, 1984, Harleysville filed an action for declaratory judgment in the Circuit Court of Henry County, Virginia, seeking a declaration of its rights and liabilities as a result of the September 28, 1984 judgment. This action named Harleysville, Nationwide, Hollingsworth, and John Doe, the unknown motorist, as parties. Nationwide removed the action to federal district court on January 3, 1985.

Two similar, if not exactly the same, suits of like effect were also removed from the state to the federal court, and all were decided by the order appealed from. John Doe was held to be neither an indispensable nor a necessary party. In an order dated March 19, 1985, the district court declared that: (1) Hollingsworth is entitled to receive the entire amount of the $100,000 judgment from Harleysville; (2) Nationwide has no liability toward Hollingsworth because the policy issued by Harleysville is greater than the total amount of the judgment; and (3) that Hollingsworth should proceed to collect the entire amount of the judgment from Harleysville. *Harleysville Mutual Ins. Co. v. Nationwide Mutual Ins. Co.*, 605 F.Supp. 133, 137 (W.D.Va. 1985). Harleysville appeals.

The primary issue presented in this appeal is whether, under Virginia law, an individual plaintiff, within the coverage of the Virginia uninsured motorist law, Va. Code § 38.1–381, who obtains a joint judgment against both a known and an unknown tortfeasor can seek satisfaction from his own insurance carrier under the uninsured motorist provision for the unknown tortfeasor's liability before exhausting the known tortfeasor's liability insurance.[2] We conclude that he can.

The effect of § 8.01–443 of the Virginia Code (providing for no bar until full satisfaction and acceptance as such) is that once a plaintiff in a personal injury action has obtained a judgment against several joint tortfeasors, the plaintiff has the right to elect against which tortfeasor he will seek to satisfy his judgment. In the present case, Hollingsworth obtained a joint judg-

---

1. Hollingsworth's demand upon Nationwide was for payment of the entire $100,000 judgment. However, inasmuch as Hollingsworth can only receive one satisfaction of his judgment, and as Harleysville has already partially satisfied the judgment, Hollingsworth can only require Nationwide to pay the remaining balance.

2. As a preliminary matter, we conclude that Harleysville does have standing to prosecute this declaratory judgment action in that Virginia law explicitly recognizes such a right on the part of insurance companies so long as there is a justiciable controversy between them as to their obligations under their respective policies. See *Criterion Ins. Co. v. Grange Mutual,* 210 Va. 446, 499, 171 S.E.2d 669 (1970). Only one of the reasons there is a justiciable controversy between the insurance companies in this case is because Harleysville will have no further liability directly to Hollingsworth if Hollingsworth collects his judgment against John Doe from Nationwide under Hollingsworth's uninsured motorist insurance.

ment against Baker, LaValleys, and John Doe, an unknown and, by definition, uninsured motorist. See Va. Code § 38.1–181(b)–(e). According to Virginia law, therefore, Hollingsworth can seek to satisfy his judgment against any one of these three joint defendants. See *Fitzgerald v. Campbell*, 131 Va. 486, 490–91, 109 S.E. 308 (1921).

Nationwide has issued an uninsured motorist insurance policy to Hollingsworth pursuant to which Nationwide undertakes "to pay the insured [Hollingsworth] all sums he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." Va.Code § 381.1–381(b). Thus, Nationwide has, for payment of a premium, promised to compensate Hollingsworth for any injuries that Hollingsworth has suffered at the hands of John Doe, so long as Hollingsworth has established Doe's legal liability. See *Willard v. Aetna Cas. & Surety Co.*, 213 Va. 481, 482, 193 S.E.2d 776 (1977). Hollingsworth has established Doe's joint liability in the amount of $100,000, and, therefore, Nationwide is required, under its contract of insurance, to satisfy this judgment should Hollingsworth elect to collect from John Doe instead of Baker or LaValleys. See *General Accident Fire & Life Assurance Corp. v. Aetna Cas. & Surety Co.*, 208 Va. 467, 473, 158 S.E.2d 750 (1968).

In its opinion accompanying the order challenged in this appeal, the district court relied on the reasoning of its own precedent (Judge Dalton) in *Hobbs v. Buckeye Union Cas. Co.*, 212 F.Supp. 349 (W.D.Va. 1962). In *Hobbs*, the court noted that Virginia's uninsured motorist law is "primarily concerned with providing adequate compensation to injured insureds *when other sources are lacking.*" *Hobbs*, 212 F.Supp. at 351–52 (emphasis added). Relying on the language underscored above, the district court concluded that other sources were not lacking in this case because Harleysville's liability policy limits were greater than the total amount of the judgment. *Harleysville*, 605 F.Supp. at 135. It thus held that Nationwide had no obligation to Hollingsworth.

Such a conclusion, however, deprives Hollingsworth of the benefit of his uninsured motorist coverage, which provides that once Hollingsworth has established the legal liability of an unknown motorist, Nationwide is contractually obligated to compensate him for his injuries. Hollingsworth has a judgment against Doe, Baker, and LaValleys for joint and several liability. He should not be required to endure the months on end delay awaiting the resolution of a quarrel between the two insurance companies, as precisely happened here, each of which is responsible to him for the entire judgment. He may collect from either without interference by the other. Whether other sources of compensation are available to satisfy the judgment that Hollingsworth has received, such as Harleysville's liability insurance for Baker and LaValleys, is a question that Nationwide should pursue pursuant to its statutory rights of subrogation after it has satisfied whatever portion of his judgment Hollingsworth seeks to collect from it. See Va.Code § 38.1–381(f) (1981). By focusing on the immediate needs of an injured insured, rather than on the question of ultimate responsibility for the judgment in question, our conclusion clearly furthers the purpose of the Virginia uninsured motorist law as we allow an injured plaintiff who has obtained a judgment against a known and an unknown tortfeasor to seek expeditious collection of that judgment. See *Grossman v. Glens Falls Ins. Co.*, 211 Va. 195, 197, 176 S.E.2d 318 (1970). "The uninsured motorist law was enacted for the benefit of injured persons, is remedial in nature, and is liberally construed so that the purpose intended may be accomplished." 211 Va. at 197, 176 S.E.2d 318. So far as the reasoning of *Hobbs* relied upon by the district court may be inconsistent with our decision, it is no longer authoritative precedent.

Nationwide is not, however, an insurer of John Doe except as it may be so considered for Doe's liability to Hollingsworth. See *Drewry v. State Farm Mutual Automobile Ins. Co.*, 204 Va. 231, 237, 129 S.E.2d

681 (1963); *Nationwide Mutual Ins. Co. v. Harleysville Mutual Cas. Co.*, 203 Va. 600, 603, 125 S.E.2d 840 (1962). Nationwide's contractual and statutory obligation is to satisfy a judgment its insured may obtain against Doe. It has no obligation to satisfy any judgment others may obtain against Doe. Nothing in the Virginia statute or in the policy may be construed to give that effect. For exactly the same reason that Nationwide is liable to Hollingsworth, it is not liable to Baker or LaValleys or to Harleysville, their insured, for any right of contribution they may have against Doe. It simply has no contractual or statutory obligation to this effect. Neither does the common law create any such obligation. See *Lumberman's Mutual Cas. Co. v. Harleysville Mutual Cas. Co.*, 367 F.2d 250, 256 (4th Cir.1966). "[The Uninsured Motorist Act] was not enacted to provide insurance coverage upon each and every uninsured vehicle to everyone." *Nationwide Mutual Ins. Co. v. Harleysville Mutual Cas. Co.*, 203 Va. at 683, 129 S.E.2d 681.

One more aspect of the case needs to be addressed under Virginia Code § 38.1-381(f). Upon payment of the balance of Hollingsworth's claim, Nationwide "... shall be subrogated to the rights of the insured [Hollingsworth] to whom such claim was paid against the person causing such injury ... and such person's insurer ... to the extent that payment was made." Thus, upon payment of Hollingsworth's judgment, Nationwide would be subrogated into Hollingsworth's claim against Baker, LaValleys, and their insurer, Harleysville. So Harleysville will be required to reimburse Nationwide for any amount which Nationwide pays to Hollingsworth in the satisfaction of his judgment.

In conclusion, the district court correctly held that Hollingsworth was entitled to receive the entire amount of his judgment from Harleysville. It erred in holding that Nationwide had no liability toward Holl-

ingsworth and that Hollingsworth must proceed only against Harleysville.

Upon remand, it would seem very likely that the parties will take such action as may be necessary and agree upon a final order to dispose of this case. In the unlikely event they do not, the district court will take such action as it may deem appropriate to give effect to this opinion.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.[3]

---

**3.** We add that our decision does not decide any question relating to the various rights and liabilities of the parties should John Doe be found and identified.