STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2002 OCT 23 P 3: 49

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-334
TDW - CUM   10/6

PEERLESS INSURANCE CO.,

    Plaintiff

v.

PROGRESSIVE INSURANCE CO.,

    Defendant

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

OCT 29 2002

The parties to the above captioned case have submitted this matter for decision upon a stipulated record.

The essential facts are that Michael Haskell was injured in a collision with vehicles operated by Richard Creamer and Daniel Delano on April 10, 2000. Michael Haskell was not at fault in this collision. It has been stipulated that Richard Creamer was 75% at fault and Daniel Delano was 25% at fault. It has also been stipulated that the value of Michael Haskell's claim for injuries sustained in the collision was $70,000.

Richard Creamer was uninsured. Daniel Delano had liability insurance coverage of $100,000 with defendant Progressive Insurance Co. Michael Haskell had uninsured motorist (UM) coverage of $100,000 with plaintiff Peerless Insurance Co.

To provide prompt payment to Haskell, Progressive and Peerless each paid $35,000 of his claim. Peerless now argues that it is entitled to recover the $35,000 it paid because it contends that Progressive, as the insurer of Delano – who was jointly and severally liable for the entire amount of Haskell's injury – is responsible for the full amount. Progressive disagrees and argues that it is entitled to recover $17,500 from Peerless because it contends that Peerless, by providing uninsured motorist coverage, is

responsible for the percentage of harm caused by the uninsured motorist (Creamer).

The court has considered the arguments of the parties and the case law authority cited by each. Without reiterating those arguments in detail, it concludes that Peerless is correct. The dispositive principle is that of joint and several liability, under which an injured party without fault may collect the entire amount of damages from a joint tort feasor who was only 25% at fault. If another joint tort feasor was 75% at fault, the 25% joint tort feasor who has paid 100% of the damages may seek contribution for 75% of the amount paid. However, the 25% tort feasor bears the risk that the 75% tort feasor will be judgment proof.

The presence of insurance does not change the basic principle outlined above. Thus Delano (and Delano's insurer, Progressive) bears the risk that Creamer will not be insured. Put another way, Peerless insured only Michael Haskell in this case. It did not insure Richard Creamer, and it did not provide some kind of "uninsured joint feasor coverage" – coverage in the event a joint tortfeasor happens to be uninsured – to Daniel Delano. It follows that Peerless is not liable to Progressive in this case and that, to the extent of the $35,000 it paid out in UM coverage, Peerless is entitled to recover that amount from Progressive.[1]

Progressive argues this result is inconsistent with Tibbetts v. Maine Bonding and Casualty Co., 618 A.2d 731, 733-34 (Me. 1992). However, Tibbetts addressed a situation where a claimant remained undercompensated after recovering the full amount of liability coverage available from joint tort feasors. In that circumstance, the Law Court honored the principle that UM coverage is designed to "fill the gaps left by an

---

[1]Progressive has not raised any contention in this case that Peerless cannot recover directly from Progressive. This is apparently because both insurers contemplated they could proceed directly against each other. See exhibit 4 to Stipulation filed April 12, 2002, ¶4.

2

underinsured tort feasor." 618 A.2d at 734. It therefore denied an insurer which had $300,000 in UM coverage the right to offset that coverage against $300,000 already collected from one of the joint tort feasors.

The difference in this case is that Haskell can be fully compensated for his $70,000 loss from Delano's $100,000 in liability coverage. Under these circumstances, while Peerless may be required to make payments to Haskell, it is entitled to recover the full amount of those payments from Delano's insurer. See Harleysville Mutual Insurance Co. v. Nationwide Mutual Insurance Co., 789 F.2d 272, 275 (4th Cir. 1983).

Since Tibbetts was addressed to as a different situation, it does not control the result in this case. Moreover, the dicta in Tibbetts that the UM insurer's "right of subrogation ... applies only to proceeds received from, or on behalf of, the operator of the underinsured vehicle," 618 A.2d at 734, is also addressed to the situation presented in Tibbetts – where the total insurance proceeds available from joint tort feasors was not sufficient to compensate the injured party and where the insured tort feasors' policy limits have been reached. Where those conditions do not apply, 24-A M.R.S.A. §2902(4) provides that the UM insurer has a right of subrogation, to the extent of payments made, against "any person legally responsible for the bodily injury." In this case, therefore, Peerless has a right of subrogation against Delano to the extent of the $35,000 it has paid.

The entry shall be:

For the reasons set forth, judgment shall enter in favor of plaintiff Peerless Insurance Co. and against defendant Progressive Insurance Co. In the amount of $35,000. The Clerk shall incorporate this order in the docket by reference pursuant to Rule 79(a).

3

Dated: October  23 , 2002

_____
Thomas D. Warren
Justice, Superior Court