## Richmond

NATIONWIDE MUTUAL INSURANCE COMPANY V. HARLEYSVILLE
MUTUAL CASUALTY COMPANY, ET AL.

June 11, 1962.

Record No. 5434.

Present, All the Justices.

*W. Carrington Thompson*, for the appellant.

*John H. Locke* (*Gentry, Locke & Rakes*, on brief), for appellee,
Harleysville Mutual Casualty Company.

No brief or argument for appellees, Ralph Sherrill Vasser, et al.

SPRATLEY, J., delivered the opinion of the court.

Elizabeth Dale Pickeral, sixteen years of age, was injured on
February 19, 1961, in a non-collision automobile accident. She was

a passenger in a 1960 Chevrolet Corvair automobile owned by Margurite C. Dudley and operated by Ralph Sherrill Vasser, an infant. On March 19, 1961, Miss Pickeral, by her father, instituted an action at law in the Corporation Court of Danville against Ralph Vasser to recover damages for her injuries.

At the time of the accident, liability insurance on the Chevrolet Corvair was carried by Mrs. Dudley with the Harleysville Mutual Casualty Company, hereinafter referred to as Harleysville. Liberty Mutual Insurance Company, hereinafter referred to as Liberty, had issued an assigned risk liability insurance policy on a 1952 Chevrolet to Willie Owen Vasser, father of Ralph Vasser. The 1952 Chevrolet was not involved in the accident. Nationwide Mutual Insurance Company, hereinafter referred to as Nationwide, had in force a family combination automobile policy issued by it to M. H. Pickeral, father of Miss Pickeral. Each of these policies carried the uninsured motorist endorsement required by Code, § 38.1-381 (b), 1960 Cum. Supp., in the form approved by the State Corporation Commission.

Harleysville and Liberty disclaimed coverage to Ralph Vasser under their respective policies, and advised Vasser they would not defend the common law action of Miss Pickeral.

Harleysville denied that Miss Pickeral was an "insured" under its policy both in regard to the "Uninsured Motorist Coverage Act," as defined in Code, § 38.1-381 (c), 1960 Cum. Supp. and in the uninsured motorist endorsement on its policy. Liberty denied that its policy extended coverage to the driver of an automobile other than the insured automobile "unless the driver thereof was the named insured, or his wife."

Nationwide was made a party to the common law action, and thereafter it instituted this proceeding by filing its petition for a declaratory judgment in the Corporation Court of Danville. Harleysville, Liberty, Ralph Vasser, Miss Pickeral and Mrs. Dudley were made parties defendant. Nationwide asked the court to construe the provisions of the several policies of insurance above mentioned and determine the respective rights and liabilities of the petitioner and the defendants, insofar as insurance coverage for the automobile accident in question was involved.

After a pre-trial conference, Liberty and Mrs. Dudley were dismissed as parties. The remaining defendants waived trial by jury, and expressly agreed that all questions of law and fact were to be submitted to the court for determination and final judgment.

These are the facts disclosed by the pleadings and the evidence:

During the afternoon of February 19, 1961, Ginger Lee Dudley asked her mother for permission to use the Chevrolet Corvair to go to a movie drive-in theater. Mrs. Dudley knew her daughter planned to take Elizabeth Pickeral and another girl with her. Mrs. Dudley gave her daughter permission to drive the automobile; but expressly warned and enjoined her not to let anyone else drive it. Ralph Vasser met Miss Dudley and her friends at the drive-in theater, and after some conversation asked Miss Dudley to permit him to drive the Chevrolet Corvair to the home of a friend. Disregarding the warning and injunction of her mother, Miss Dudley agreed to permit Ralph Vasser to drive the Chevrolet Corvair. Vasser then took over the operation of that car, and with Miss Pickeral and two youths proceeded to drive to North Carolina. During the trip, he lost control of the car on a curve, the car left the highway, ran down an embankment, and Miss Pickeral was injured. Mrs. Dudley testified that she did not know Ralph Vasser, and would not have consented to allow him to use her car even if she had known him.

The chancellor found from the evidence that Ralph Vasser did not have the permission, expressed or implied, of either Harleysville, the insurer, or Mrs. Dudley, the named insured, to use the latter's automobile at the time and place of the accident; that Harleysville had no coverage under its policy available to Miss Pickeral or Ralph Vasser; and that Nationwide's policy provided uninsured motorist coverage available to Miss Pickeral, and Nationwide should pay, within the limits of the coverage, any legal liability which Ralph Vasser owed to Miss Pickeral, arising out of and as a result of the accident.

A decree was entered in accordance with the finding of facts, to which Nationwide has assigned error only to so much as holds that Harleysville was not liable to Miss Pickeral under the uninsured motorist endorsement on its policy covering the Chevrolet Corvair.

The determinative question is whether, under the facts and circumstances related, Miss Pickeral, an occupant or "guest" in an automobile being used without the pemission of the named insured, qualifies as an "insured" under the uninsured motorist endorsement on the Harleysville policy.

Nationwide argues that since Harleysville has successfully denied coverage on the Chevrolet Corvair, that automobile was an uninsured motor vehicle at the time of the accident, and hence Miss Pickeral, a "guest" in it, was entitled to avail herself of the benefit of the uninsured motorist endorsement in the policy of Harleysville. It urges that "This was primary coverage which must be exhausted before the

secondary or excess coverage of Nationwide would come into play." The vice of the contention is that it overlooks two requirements which must be met before a person can claim under or receive the benefits of uninsured motorist coverage in Virginia: First, such person must qualify as an "insured" under the endorsement of the policy upon which claim is being made; and, secondly, that such person must be involved in an accident with the owner or operator of an uninsured motor vehicle. We need concern ourselves only with the first requirement.

The term "insured," so far as material to the present case, is defined in Code, 1960 Cum. Supp. § 38.1-381 (c), as follows:

"* * * (T)he term 'insured' as used in subsections (b), (d), (f), and (g) hereof, means the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies * * *."

There is no conflict or inconsistency between the statute and the uninsured motorist endorsement on Harleysville's policy as to who is an "insured." Both the statute and the endorsement provide that in order for a "guest" in an automobile to qualify as an insured, such person must be a "guest" in a motor vehicle "to which the policy applies," and the vehicle is being used with the consent, expressed or implied, of the named insured.

Here, Miss Pickeral was not a member of the family of the named insured, and not a resident of the household of the named insured. She was merely an occupant or "guest" in a motor vehicle which was being used without the permission, expressed or implied, of the named insured. She, therefore, does not come within the definition of an "insured," insofar as the statute or Harleysville's endorsement on its policy is concerned, and neither she nor Ralph Vasser is entitled to recover from Harleysville.

The intent of the General Assembly in enacting the "Uninsured Motorist Act," was to provide benefits and protection against the peril of injury by an uninsured motorist to an insured motorist, his family and permissive users of his vehicle. It was not enacted to provide insurance coverage upon each and every uninsured vehicle to everyone.

For the reasons stated, the decree appealed from is affirmed.

*Affirmed.*