Gertrude Sutphin SOUTHERN

v.

LUMBERMENS MUTUAL CASUALTY CO., Harleysville Mutual Casualty Co., State Farm Mutual Automobile Insurance Company and Ray Dalton.

Civ. A. No. 1268.

United States District Court
W. D. Virginia,

Roanoke Division.

Nov. 27, 1964.

Philip M. Sadler, Gilmer, Sadler, Ingram, Thomas & Sutherland, Pulaski, Va., for Lumbermens Mutual Casualty Co.

Richard C. Rakes, Gentry, Locke & Rakes, Roanoke, Va., for Harleysville Mutual Casualty Co.

John B. Spiers, Jr., Spiers & Spiers, Radford, Va., for Ray Dalton.

MICHIE, District Judge.

On September 1, 1959, Gertrude Sutphin Southern was injured in a collision involving an automobile which she occupied and which was being operated by the defendant, Ray Dalton. This car was struck by a truck owned by Walter E. Crigger and operated by Franklin Duane Crigger.

On May 6, 1961, Mrs. Southern brought an action for personal injuries against the Criggers and Ray Dalton in the Circuit Court of Pulaski County, Virginia. Judgment in favor of the plaintiff against the defendants in the amount of $25,000 was awarded on December 18, 1961, following a jury verdict on September 30, 1961.

On October 29, 1962, Mrs. Southern brought the present action in this court against Lumbermens Mutual Casualty Company, Harleysville Mutual Casualty Company and State Farm Mutual Automobile Insurance Company to recover the amount of her judgment against the Criggers and Dalton. Lumbermens insured the Criggers on an automobile liability insurance policy with a limit of $50,000 for injury to any one person. Harleysville insured Mrs. Southern on her personal automobile not involved in the accident giving rise to her claim. Said policy contained an uninsured motorist endorsement as required by § 38.1–381 of the Code of Virginia. State Farm insured one William Matthew Dalton, father of Ray Dalton.

Lumbermens had no coverage defenses available with respect to its insureds, the Criggers, and on December 10, 1962, this court granted the plaintiff, Mrs. Southern, summary judgment against Lumbermens and ordered that she be paid the full amount of her judgment obtained in the Circuit Court of Pulaski County against the Criggers and Ray Dalton. The case was continued on the docket so that Lumbermens' subrogation claims against State Farm and Harleysville could be resolved. Lumbermens thereafter paid the judgment in full and Mrs. Southern is no longer active in this case. Ray Dalton was later added as a party defendant in the present action.

On September 1, 1964, D.C., 234 F. Supp. 876, this court rendered an opinion holding that Ray Dalton was not an "additional insured" under State Farm's policy issued to William Matthew Dalton. This had the effect of removing State Farm from the case, declaring Ray Dalton to have been the operator of an "uninsured motor vehicle" at the time of the accident in question, and leaving as the only issue to be decided, a controversy between Lumbermens and Harleysville, since in paragraph 4 of its Answer and Grounds of Defense Lumbermens had claimed that either State Farm or Harleysville was liable for one-half of the judgment recovered by Mrs. Southern. As indicated above, State Farm has heretofore been dismissed from the case but the claim is still pressed against Harleysville on the theory that Harleysville, as insurer of the plaintiff Mrs. Southern, is thus liable for one-half of the judgment under the Virginia uninsured motorist statute (Va.Code Ann. § 38.1–381.), since Ray Dalton was an uninsured motorist and joint tort feasor.

It is well established that Virginia's uninsured motorist law "does *not* create insurance for uninsured motorists!" Hobbs v. Buckeye Union Cas. Co., 212 F.Supp. 349 (W.D.Va.1962). Na-

tionwide Mut. Ins. Co. v. Harleysville Mut. Cas. Co., 203 Va. 600, 125 S.E.2d 840 (1962). Certainly in Virginia one joint tort feasor is entitled, in the absence of moral turpitude, to contribution from the insurer of another joint tort feasor. But when the other tort feasor is uninsured the party seeking contribution cannot seek it from the insurer of the injured plaintiff. The plaintiff's insurer indemnifies Mrs. Southern in the event she is injured by an uninsured motorist and is unable to recover compensation for her injuries. It does not insure some other insurance company which is itself required to pay the judgment.

Hobbs v. Buckeye, supra, is directly in point here. There the facts were quite similar to those in the case at bar. The plaintiff Hobbs was a paying passenger in one McCroskey's automobile when it collided with an unidentified, and therefore uninsured, motorist, John Doe. Hobbs was insured by Celina Mutual Insurance Company and McCroskey by Buckeye Union Casualty Company; both policies were issued in Virginia with uninsured motorist provisions. The issue in the Hobbs case was the same as that now before me: Is the insurer of one tort feasor entitled to contribution from the insurer of the injured plaintiff for any part of the judgment rendered against the insured tort feasor and an uninsured tort feasor?

Judge Dalton held, as noted above, that under Virginia law no insurance is created for uninsured motorists. The statutory provision for uninsured motorists is "primarily concerned with providing adequate compensation for injured insureds when other sources are lacking." Hobbs, supra, at pages 351–352 citing Nationwide, supra. In Hobbs and in the case before me the liability insurer of the tort feasor could go against the other tort feasor, or against the other tort feasor's insurer but not against the insurer of the injured party since, as stated above, Virginia law does not create insurance for uninsured motorists. It insures its *insured* against *inadequate* compensation. See also Drewry v. State Farm Mut. Auto. Ins. Co., 204 Va. 231, 129 S.E.2d 681 (1963).

Harleysville contracted to insure Mrs. Southern under the customary uninsured motorist endorsement which provides in section 6:

> "With respect to bodily injury to an insured while occupying an automobile not owned by the named insured under this endorsement, the insurance hereunder shall apply only as excess insurance over any other similar insurance available to such occupant, and this insurance shall then apply only in the amount by which the applicable limit of liability of this endorsement exceeds the sum of the applicable limits of liability of all such other insurance."

The primary coverage for Mrs. Southern was from the insurers of the tort feasors, Lumbermens, which insured the Criggers for any liability they incurred, and from any insurer (there was none) who might have covered Ray Dalton, in whose car Mrs. Southern was riding when injured. As expressly stated in the above-quoted section 6 of the insurance policy, Harleysville's policy is applicable only as excess over other similar insurance available. Since Lumbermens liability as primary insurer was within its policy limits of $50,000 for a single injured person, the $25,000 judgment paid by Lumbermens to Mrs. Southern was enough to satisfy the claim. There are no grounds for contribution from Harleysville to Lumbermens or to Mrs. Southern through whom Lumbermens attempts to assert its claim. The motion for summary judgment against Harleysville is denied.