## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Nellie L. Beasley

    v.

Hardware Dealers Mutual Fire Ins. Co.

September 19, 1969

By JUDGE ALEX H. SANDS, JR.

On April 17, 1969, plaintiff recovered a joint verdict in the amount of $4,000.00 against Joseph C. Gentle and John Doe for injuries sustained by plaintiff in an automobile accident involving a vehicle operated by an unknown operator and one operated by Gentle. Judgment was entered on this verdict on May 20, 1969, and has now become final.

Plaintiff has called upon defendant, the uninsured motorist carrier upon the car in which plaintiff was riding at the time for payment of this judgment and defendant contends that such claim cannot be asserted until plaintiff has exhausted her rights against the carrier upon the vehicle being operated at the time by the defendant Gentle.

This question is being tested by a motion for summary judgment filed on behalf of plaintiff.

That plaintiff occupies the position of an "insured" under defendant's policy and that the vehicle operated by the unknown driver was an "uninsured motor vehicle" is not disputed. It is further conceded that defendant's policy carried the mandatory provision requiring defendant to pay up to the limits under such provision "all sums which he (the insured) shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle."

Under the time honored rule followed in this State, a plaintiff can, at his election, sue either one or both tort feasors and, in case of a judgment against both, can collect from either, provided only that there be

but one recovery. Code Section 8-368. In case of such joint judgment he can elect the defendant against whom he will pursue the collection of his judgment. So jealously has this right of a plaintiff to elect been guarded that the Virginia Court has gone so far as to hold that where, as the result of an execution issued by the clerk without consent of plaintiff against one joint tort feasor, the amount of the judgment is paid by such joint tort feasor to the sheriff, that such payment will not deprive the plaintiff of his right to collect from the other joint feasor provided he has refused to accept the money in the hands of the sheriff. *Fitzgerald* v. *Campbell*, 131 Va. 486 (1921).

Defendant apparently acknowledges this to be the general rule but contends that to permit the plaintiff to elect in a case such as this to seek satisfaction of her judgment from the uninsured motorist carrier would, in effect, be to extend insurance protection to an uninsured motorist which would be contrary to the intent of the uninsured motorist statutes.

It is difficult to see how this position taken by defendant can be accepted without going directly contrary to the express language of Section 38.1-381(b) of the Code of Virginia of 1950, as amended. This section provides:

> Nor shall any such policy or contract relating to ownership, maintenance or use of a motor vehicle be so issued or delivered unless it contains an endorsement or provision *undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.* . . (Italics added)

Since plaintiff had the right to proceed against John Doe and, having secured a joint judgment against Doe and Gentle, had the absolute right to elect as to which defendant she would proceed against for collection and having elected to proceed against Doe, the language of Section 38.1-381(b) plainly makes defendant answerable for this judgment. As to the interpretation of the language of this section, if indeed any interpretation is necessary, the Virginia Court of Appeals has had this to say in *Bryant* v. *State Farm*, 205 Va. 897 (1965):

Section 38.1-381(b) of the Code, quoted above, commands that no policy of bodily injury liability insurance shall be issued or delivered unless it undertakes to pay the insured "all sums" he is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle within the limits of the policy. *That is plain language.* It means that every such policy shall so undertake. *There is no limitation or qualification of this language anywhere in the statute, nothing at all to indicate that it does mean what it says.* (Italics added)

I find nothing in *Southern* v. *Lumbermens Mutual Casualty Company*, 236 F. Supp. 370 (W.D. Va. 1964), relied on by defendant, to conflict with the course being followed by plaintiff in the case at bar. *Southern* was concerned with the right of subrogation of the carrier upon the insured defendant against the uninsured motorist carrier. Section 38.1-381(b) has no bearing on that question. We are here concerned with the right of a plaintiff to collect her judgment against an uninsured motorist from her, plaintiff's own carrier under the uninsured motorist coverage of its policy. This right is expressly given by Section 38.1-381(b).

Plaintiff's motion for summary judgment will be sustained.