503 S.E.2d 211

**UNISUN INSURANCE COMPANY, Plaintiff,**

v.

**Deborah SCHMIDT, as Parent and Natural Guardian of Christopher Schmidt, a Minor, Voncile Stoner, as Guardian ad Litem of Jennifer Hurst, a Minor, State Farm Mutual Insurance Co., and Government Employees Insurance Company, Defendants,**

**of Whom Voncile Stoner, as Guardian ad Litem of Jennifer Hurst, a Minor, is Respondent,**

**of Whom State Farm Mutual Insurance Company is Appellant.**

**No. 2852.**

Court of Appeals of South Carolina.

Heard April 7, 1998.

Decided June 15, 1998.

Rehearing Denied Aug. 19, 1998.

438

Henry E. Grimball, of Buist, Moore, Smythe & McGee, Charleston, for appellant.

Paul D. Schwartz and Dan M. David, both of David & Schwartz, Charleston, for respondent.

PER CURIAM:

This insurance coverage case requires us to decide whether a permissive occupant of a vehicle being driven by a non-permissive driver qualifies as an "insured" under the provisions of the owner's insurance policy. The trial court ruled in favor of the permissive occupant. We reverse.

## I.

After receiving strict instructions from her father not to let anyone else drive the car, January O'Neale took her mother's 1978 BMW and drove with her friend, Jennifer Hurst, to a party at the home of Christopher Schmidt on the evening of November 27, 1992. While the party was in progress, Schmidt and Hurst got into the car and later Schmidt drove off in it while Hurst was asleep in the backseat. Schmidt lost control and ran into a tree and Hurst was injured.

Unisun brought a declaratory judgment action to establish that it was not liable on the policy it had issued to Schmidt's mother, because it excluded coverage for "any person using a vehicle without a reasonable belief that that person is entitled

to do so." At trial, the jury found that at the time of the accident Schmidt "was using the BMW without a reasonable belief that he was entitled to do so," and that he "did not have permission from January O'Neale, express or implied, to use the BMW."

State Farm issued the policy covering the BMW. It denied liability based on the jury finding that Schmidt was a non-permissive user. Hurst then claimed that State Farm's denial of coverage rendered the BMW an "uninsured motor vehicle." As she was a permissive occupant, guest, or user of the BMW at the time of the accident, Hurst argued, she qualified as an insured under the uninsured motor vehicle provisions of State Farm's policy and under South Carolina law.

The trial court agreed. It found that, as a matter of law, Hurst was "a guest and/or a permissive occupant and/or a permissive user" of the BMW at the time of the accident. As such, the court reasoned, she was an insured under the State Farm policy. Finally, because Schmidt was a non-permissive user, the court concluded that the BMW was an uninsured motor vehicle and Hurst could thus make a claim against State Farm.

On appeal, State Farm argues that Hurst's status as a guest, permissive occupant, or permissive user, does not make her an insured. Similarly, State Farm maintains the fact that it was able to avoid liability coverage—because Schmidt was a non-permissive user—does not mean that the car was an uninsured motor vehicle.

## II.

The first issue to be addressed is whether or not Hurst was an insured. State Farm's policy defined an "insured," in the section of the policy relating to underinsured and uninsured motorist coverages, as follows:

1. *you* [i.e. the named insured], *your spouse* and *relatives;*

2. any other *person* while *occupying* or using *your car,* a *newly acquired car* or a trailer attached to either, if such vehicle is:

   a. insured under the liability coverage;  and

   b. being used with *your* consent;  and

3. any ***person*** to the extent he or she may recover damages under a state wrongful death statute because of the death of an ***insured*** under 1. or 2. above.[1]

We agree with State Farm that Hurst does not come within the definition of an insured under the policy. Insurance contracts are subject to the same rules of interpretation that govern other types of contracts. *See Sphere Drake Ins. Co. v. Litchfield,* 313 S.C. 471, 438 S.E.2d 275 (Ct.App.1993). Rather than straining to read insurance policies in ways that extend coverage to circumstances never contemplated by the parties, courts should give the language in a policy its "plain, ordinary, and popular" meaning. *Id.* at 473, 438 S.E.2d at 277. In this case, the policy expressly limits the definition of insured so that it covers a mere occupant (*i.e.,* someone other than the named insured, his spouse and relatives) only if the car is being used with the consent of the named insured. The jury decided that Schmidt was a non-permissive user. This finding has not been appealed and is the law of the case. *ML–Lee Acquisition Fund, L.P. v. Deloitte & Touche,* 327 S.C. 238, 489 S.E.2d 470 (1997). As the car was not being used with the consent of the named insured, Hurst does not qualify as an insured under the terms of the policy.

That Hurst was not an insured under the language of the policy does not, by itself, decide the case. Automobile insurance companies are required by law to provide uninsured motorist coverage. *See* S.C.Code Ann. § 38–77–150 (Supp. 1997). When the language of the policy conflicts with the mandate of the statute, the statutory language prevails. *Hogan v. Home Ins. Co.,* 260 S.C. 157, 194 S.E.2d 890 (1973). Thus, the dispositive question is whether Hurst qualifies as an insured as that term is defined by law.

Section 38–77–30 defines an "insured" as:

the named insured and, while resident of the same household, the spouse of any named insured and relatives of

---

**1.** There is no single definition of the term "insured" for the entire policy. Although found in a part of the policy defining terms pertaining to underinsured motor vehicle coverage, the above definition of "insured" seems to apply to uninsured coverage as well. Other terms, such as "motor vehicle," also seem to apply to both types of coverage even though they are defined in only one or the other. The terms in the above definition that are in boldface italics are that way in the policy, indicating that they are terms defined elsewhere.

either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies....

S.C.Code Ann. § 38–77–30(6) (1989).

The essence of Hurst's argument for coverage under the statute is that, while Schmidt may not have had permission to occupy, use, or drive the car, State Farm has stipulated that Hurst herself did have permission to be in the car and use it. As she was thus a permissive occupant, guest, or user, Hurst contends, coverage applies to her by virtue of Section 38–77–30. State Farm, however, maintains that her status as permissive guest, user, or occupant is irrelevant. According to State Farm's reading of the statute, a guest is an insured only if the vehicle is being used with consent.

To support this view, State Farm relies on the decision of the supreme court of Virginia in *Nationwide Mutual Insurance Co. v. Harleysville Mutual Casualty Co.*, 203 Va. 600, 125 S.E.2d 840 (1962). This case involved a remarkably similar set of facts. A young woman, Elizabeth Pickeral, was injured while riding in a car that belonged to her friend's parents. Her friend had received permission to drive the car to a theater. Her friend's parents, the named insureds, knew that Pickeral would be riding with their daughter, who was told not to allow anyone else to drive. While at the theater, however, the daughter agreed to let one of her other friends drive the car. An accident occurred and Pickeral sought to recover for her injuries under her friend's parents' uninsured motorist policy.

The court denied coverage. In order to qualify as an insured, the court reasoned, a guest had to be in a motor vehicle to which the policy applied and the vehicle had to have been used with the consent of the named insured. *Id.*, 125 S.E.2d at 843. Because Pickeral was a guest in a vehicle that was being used without the permission of the named insured, the court held that she did not come within the definition of the term insured. *Id.*

■ While we are not bound by the Virginia court's decision, we do find it persuasive. The statutory definition of an

insured at issue in that case is virtually identical to ours. *See* Va.Code Ann. § 38.1–381(c) (Supp.1960). In our view, the language in the policy limiting the definition of insured so as to embrace only those occupying vehicles insured under the liability coverage is consistent with the definition of insured in the statute. Under South Carolina's definition, a guest must be in a motor vehicle "to which the policy applies" in order to qualify as an insured. When Schmidt drove off in the BMW without permission, the BMW was no longer a motor vehicle *to which the policy applied.*

The purpose of uninsured motorist coverage is not to provide coverage for the uninsured vehicle and its owner or operator, but to provide protection to an insured motorist, his family, and the permissive users of his vehicle. *Ferguson v. State Farm Mut. Auto. Ins. Co.*, 261 S.C. 96, 198 S.E.2d 522 (1973). As the Virginia court explained in *Harleysville*, it is not intended "to provide insurance coverage upon each and every uninsured vehicle to everyone." *Harleysville*, 125 S.E.2d at 843.

For these reasons, we hold that the trial court erred in finding Hurst to have been an insured under State Farm's uninsured motorist coverage. Because we conclude that Hurst is not an insured, we need not decide whether the BMW was an uninsured motor vehicle.

**REVERSED.**

HEARN, ANDERSON and STILWELL, JJ., concur.