529 S.E.2d 280

UNISUN INSURANCE COMPANY, Plaintiff,

v.

Deborah SCHMIDT, as Parent and Natural Guardian of Christopher Schmidt, a Minor, and Voncile Stoner, as Guardian ad Litem of Jennifer Hurst, a Minor, State Farm Mutual Insurance Company, and Government Employees Insurance Company, Defendants,

of Whom Voncile Stoner, as Guardian ad Litem of Jennifer Hurst, a Minor, is Petitioner,

of Whom State Farm Mutual Insurance Company, is Respondent.

No. 25084.

Supreme Court of South Carolina.

Heard Jan. 19, 2000.

Decided March 13, 2000.

---

Paul D. Schwartz and Dan M. David, of David & Schwartz, P.A., of Charleston, for petitioner.

Henry E. Grimball, of Buist, Moore, Smyth & McGee, P.A., of Charleston, for respondent.

BURNETT, Justice:

This case presents a novel set of facts requiring us to interpret the definitions of "insured" and "uninsured motor vehicle" in South Carolina's motor vehicle insurance statute. S.C.Code Ann. § 38–77–30 (Supp.1998). The Court of Appeals held petitioner was not an "insured" under the statute. We reverse.

## FACTS

The parties stipulated to the following facts:

January O'Neale's father gave her a BMW with strict instructions not to let anyone else drive the car. On the night of November 27, 1992, Miss O'Neale and her friend Jennifer Hurst went to a party at Christopher Schmidt's house.

During the course of the party, Schmidt and Hurst got into the BMW. Schmidt later drove off in the BMW with Hurst asleep in the backseat. Schmidt lost control of the car and hit a tree, injuring Hurst.

Hurst had the consent of the owner of the BMW and of the permissive user daughter to occupy the vehicle to, from, and while attending the party. Schmidt's driving of the BMW was

not consensual, but Hurst's use of the BMW was at all times consensual.

State Farm, the carrier for the BMW, successfully denied liability coverage due to the non-permissive use by Schmidt. Hurst then claimed the denial of liability coverage by State Farm rendered the BMW an uninsured motor vehicle. Hurst argued since she was a permissive occupant and/or guest and/or user of the BMW at the time of the accident, she was covered under State Farm's uninsured motorist policy and the uninsured motor vehicle insurance statutes. *See* S.C.Code Ann. § 38–77–150 (Supp.1998).

The trial court agreed. By order dated April 4, 1997, the trial court found Hurst was an insured under the uninsured motorist coverage of the State Farm policy in effect at the time on the O'Neale BMW, and the O'Neale BMW was an uninsured motor vehicle. Jennifer Hurst could therefore make an uninsured motorist claim against the State Farm policy insuring the O'Neale BMW.

The Court of Appeals reversed. *Unisun Ins. Co. v. Schmidt*, 331 S.C. 437, 503 S.E.2d 211 (Ct.App.1998). The Court of Appeals noted that for Hurst to be an insured under the statutory definition, she must be a guest in a motor vehicle "to which the policy applies." *See* S.C.Code Ann. § 38–77–30(7) (Supp.1998). Relying on the factually analogous *Nationwide Mutual Insurance Co. v. Harleysville*, 203 Va. 600, 125 S.E.2d 840 (1962), the Court of Appeals held that Hurst was not an insured, because "[w]hen Schmidt drove off in the BMW without permission, the BMW was no longer a motor vehicle *to which the policy applied.*" *Id.* at 442, 503 S.E.2d at 214 (emphasis in original). Having concluded Hurst was not an insured, the court did not address whether the BMW was an uninsured motor vehicle.

## ISSUES

Did the Court of Appeals err in holding Hurst was not covered by the uninsured motorist policy on the O'Neale vehicle?

A. Was Hurst an insured?

B. Was the O'Neale vehicle an uninsured motor vehicle?

## DISCUSSION

■ Petitioner argues the Court of Appeals erred in holding Hurst was not covered by the uninsured motorist coverage of the O'Neale vehicle. We agree.

### A. Was Hurst an insured?

S.C.Code Ann. § 38–77–30(7) (Supp.1998) defines "insured" to mean:

the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and *any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the policy applies and a guest in the motor vehicle to which the policy applies* or the personal representative of any of the above.

(emphasis added). Respondent conceded for purposes of this appeal that "[a]s a matter of law, as defined by the State Farm Mutual Insurance Company policy and the South Carolina uninsured Motorist Statute, Jennifer Hurst was a guest and/or permissive occupant and/or permissive user of the O'Neale motor vehicle (BMW) at the time of the accident." Respondent's concession that Hurst was a "guest and/or permissive occupant and/or permissive user" of the vehicle places Hurst squarely within the statutory definition of "insured." [1]

■ Furthermore, even if Respondent had not conceded Hurst fell within the definition of "insured" under both the statute and the policy, we disagree with the Court of Appeals' interpretation of the uninsured motorist statute. The uninsured motorist statute "is remedial in nature, enacted for the benefit of injured persons, and is to be liberally construed so that the purpose intended may be accomplished." *Gunnels v. American Liberty Ins. Co.*, 251 S.C. 242, 247, 161 S.E.2d 822, 824 (1968).

■ First, the Court of Appeals erred in concluding the O'Neale vehicle was not a vehicle "to which the policy ap-

---

1. *See Hogan v. Home Ins. Co.*, 260 S.C. 157, 160, 194 S.E.2d 890, 891 (1973) (if a provision in the insurance contract excluding coverage is in conflict with the requirements of the statute, the statute controls the rights of the parties).

plied." The Court of Appeals followed the factually analogous case of *Nationwide Mutual Insurance Co. v. Harleysville*, 203 Va. 600, 125 S.E.2d 840 (1962), in interpreting the clause "to which the policy applies" to deny coverage. *Unisun*, 331 S.C. at 442, 503 S.E.2d at 214. However, this Court has not interpreted the clause in such a restrictive manner. The "motor vehicle to which the policy applies" is "the motor vehicle designated in the policy." *Davidson v. Eastern Fire & Cas. Ins. Co.*, 245 S.C. 472, 477–78, 141 S.E.2d 135, 138 (1965). The words "to which the policy applies" are words of identification, and not words of exclusion as used by the Court of Appeals.

■ Second, we disagree with the Court of Appeals' conclusion the O'Neale vehicle was not being "used with the consent of the insured." The Court of Appeals incorrectly focused on Schmidt's operation of the vehicle, rather than the "use" of the vehicle by Hurst, which Respondent stipulated "was at all times consensual."

B. Was the O'Neale vehicle an uninsured motor vehicle?

■ Because it found Hurst was not an insured, the Court of Appeals did not address whether the O'Neale vehicle was an uninsured motor vehicle. *Schmidt*, 331 S.C. at 442, 503 S.E.2d at 214. We conclude the O'Neale BMW was an uninsured motor vehicle based on the plain language of the statute and public policy.

Section 38–77–30(13) defines "uninsured motor vehicle" to mean a vehicle as to which:

(a) there is not bodily injury liability insurance and property damage liability insurance both at least in the amounts specified in Section 38–77–140, or

(b) there is nominally that insurance, but the insurer writing the same successfully denies coverage thereunder. . . .

S.C.Code Ann. § 38–77–30(13) (Supp.1998). The O'Neale vehicle falls within the plain language of the statute because respondent successfully denied liability coverage. *See also Allstate Ins. Co. v. Wilson*, 259 S.C. 586, 593, 193 S.E.2d 527, 531 (1972) (appellant's uninsured motorist coverage became operative when respondent Allstate successfully denied liabili-

ty for the other vehicle on ground that it was being driven without the consent of the insured).

■ The purpose of the uninsured motorist law is "to provide benefits and protection against the peril of injury or death by an uninsured motorist to an insured motorist, his family, and the permissive users of his vehicle." *Ferguson v. State Farm Mut. Auto. Ins. Co.*, 261 S.C. 96, 100, 198 S.E.2d 522, 524 (1973). In the instant case, a permissive user (Hurst) was injured by an uninsured motorist (Schmidt). When State Farm successfully denied liability, the O'Neale vehicle became an uninsured motor vehicle.

■ The uninsured motorist statute does not appear to contemplate single-car accidents. We do not believe, however, the legislature intended an otherwise insured passenger to lose coverage when an unauthorized driver takes the wheel. The construction of the statute urged by respondent would relieve the carrier of responsibility when a named insured is the victim of a carjacking. We will reject a statutory interpretation when to accept it would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention. *Kiriakides v. United Artists Communications, Inc.*, 312 S.C. 271, 440 S.E.2d 364 (1994). Our interpretation of § 38–77–30(13) comports with the plain language of the statute and advances its policies.[2]

**REVERSED.**

FINNEY, C.J., TOAL, MOORE and WALLER, JJ., concur.

---

2. Other courts have allowed an insured to recover under a vehicle's uninsured motorist policy when the driver's use of the vehicle was not permissive and therefore not covered under the liability provisions of the policy. *See e.g., State Farm Mut. Auto. Ins. Co. v. Nissen*, 851 P.2d 165 (Colo.1993) (uninsured motorist coverage applied to insured injured while trying to prevent theft of vehicle), *Guiberson v. Hartford Cas. Ins. Co.*, 217 Mont. 279, 704 P.2d 68 (1985) (uninsured motorist coverage applied to insured injured while trying to prevent theft of employer's truck), *Comet Cas. Co. v. Jackson*, 125 Ill.App.3d 921, 81 Ill.Dec. 569, 467 N.E.2d 269 (1984) (uninsured motorist coverage applied to insured injured while attempting to prevent theft of vehicle), *American Protection Ins. Co. v. Parker*, 150 Ga.App. 732, 258 S.E.2d 540 (1979) (uninsured motorist coverage applied to insured injured by

tortfeasor who ran over insured's body with insured's vehicle); *but see Whitledge v. Jordan,* 586 N.E.2d 884 (Ind.Ct.App.1992) (uninsured motorist coverage inapplicable to insured injured while attempting to prevent theft of vehicle).