# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

State of South Carolina, Respondent,

v.

Elias James Walker, Appellant.

Appellate Case No. 2014-001462

---

Appeal from Charleston County
Roger M. Young Sr., Circuit Court Judge

---

Opinion No. 27763
Heard November 15, 2017 – Filed February 7, 2018

---

### AFFIRMED

---

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General William F. Schumacher, IV, both of Columbia, and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

---

**JUSTICE FEW:** The question we address in this appeal is whether section 16-25-90 of the South Carolina Code (2015) violates the equal protection or due process rights of a defendant who commits an offense against his parent, because the definition of "household member" in subsection 16-25-10(3) of the South Carolina Code (Supp. 2017) does not include parents and children, and thus section 16-25-90 does not provide such a defendant any opportunity for early parole eligibility. We find no violation.

Elias James Walker killed his father by repeatedly stabbing him with a sword in a Mount Pleasant motel room where they were living. Walker was twenty-two years old. Pursuant to a plea agreement, Walker pled guilty but mentally ill to voluntary manslaughter and possession of a weapon during the commission of a violent crime. The circuit court imposed the negotiated sentence of thirty years in prison, suspended on the service of eighteen years with probation to follow. At the plea hearing, Walker presented evidence his father had physically and mentally abused him throughout his life. The circuit court found "there is ample evidence in the record of a history of criminal domestic violence against the defendant at the hands of his father." Based on this finding, Walker argued he was eligible for early parole under section 16-25-90. The circuit court found Walker was not eligible for early parole because his father was not his household member as defined in subsection 16-25-10(3). We certified Walker's appeal for our review pursuant to Rule 204(b) of the South Carolina Appellate Court Rules.

Under ordinary circumstances, a person sentenced to prison for a "no parole offense" such as voluntary manslaughter is not eligible for any form of early release "until the inmate has served at least eighty-five percent of the actual term of imprisonment imposed." S.C. Code Ann. § 24-13-150(A) (Supp. 2017); *see* S.C. Code Ann. § 24-13-100 (2007) (defining a "no parole offense" to include class A felonies); S.C. Code Ann. § 16-1-90(A) (Supp. 2017) (providing voluntary manslaughter is a class A felony). However, section 16-25-90 provides,

> [A]n inmate who was convicted of, or pled guilty . . . to, an offense against a household member is eligible for parole after serving one-fourth of his prison term when the inmate at the time he pled guilty . . . presented credible evidence of a history of criminal domestic violence . . . suffered at the hands of the household member.

Subsection 16-25-10(3) defines the term household member to include: "(a) a spouse; (b) a former spouse; (c) persons who have a child in common; or (d) a male and female who are cohabiting or formerly have cohabited." The definition does not include Walker or his father as a household member. Therefore, section 16-25-90 does not apply to Walker.

Walker argues excluding him from eligibility for early parole under section 16-25-90 violates his right to equal protection of the laws. *See* U.S. CONST. amend. XIV, § 1 ("No state shall . . . deny to any person . . . the equal protection of the laws."); S.C. CONST. art. I, § 3 ("nor shall any person be denied the equal protection of the

laws").  The initial inquiry in any equal protection analysis is whether the plaintiff made "a showing that similarly situated persons received disparate treatment." *Grant v. S.C. Coastal Council*, 319 S.C. 348, 354, 461 S.E.2d 388, 391 (1995); *see also Bodman v. State*, 403 S.C. 60, 74, 742 S.E.2d 363, 370 (2013) (stating the first step of an equal protection analysis is "whether the law treats 'similarly situated' entities differently"); *Town of Hollywood v. Floyd*, 403 S.C. 466, 480, 744 S.E.2d 161, 168 (2013) (stating "the equal protection clause does not prohibit different treatment of people in different circumstances").

Walker has not presented a valid equal protection claim because he is not similarly situated to the criminal domestic violence victims who commit offenses against a household member.  The relationship between parents and their children is governed by the South Carolina Children's Code.  *See* S.C. Code Ann. §§ 63-1-10 to -21-30 (2010 & Supp. 2017).  The Children's Code is an extensive statutory scheme unlike anything governing the relationship between household members.  *Cf.* S.C. Code Ann. §§ 16-25-10 to -750 (2015 & Supp. 2017) (Criminal Domestic Violence Act); S.C. Code Ann. §§ 20-4-10 to -160 (2014 & Supp. 2017) (Protection from Domestic Abuse Act).  For example, the Children's Code establishes "[a] children's policy," which "appl[ies] to all children who have need of services including . . . those . . . neglected, abused or exploited and those who by their circumstance . . . are found to be in need of treatment or rehabilitation."  S.C. Code Ann. § 63-1-20(A), (B) (2010).  The Children's Code provides, "It shall be the policy of this State to concentrate on the prevention of children's problems as the most important strategy which can be planned and implemented on behalf of children and their families."  S.C. Code Ann. § 63-1-20(C) (2010).

The Children's Code includes provisions to protect children against family violence, and provides penalties tailored to meet the specific needs of the parent-child relationship.  *See, e.g.*, S.C. Code Ann. § 63-7-10(A)(1), (2) (2010) (recognizing the principles that "(1) Parents have the primary responsibility for and are the primary resource for their children," and "(2) Children should have the opportunity to grow up in a family unit if at all possible"); S.C. Code Ann. § 63-7-30 (2010) (allowing access to State services when "the problem presented involves child abuse or neglect"); S.C. Code Ann. § 63-5-70(A)(1) (2010) ("It is unlawful for . . . the parent or guardian of a child . . . to . . . place the child at unreasonable risk of harm affecting the child's life, physical or mental health, or safety."); § 63-5-70(A)(2) ("It is unlawful for . . . the parent or guardian of a child . . . to . . . do or cause to be done unlawfully or maliciously any bodily harm to the child so that the life or health of the child is endangered or likely to be endangered.").  The Children's Code specifically contemplates the tension between a parent's right to discipline a child—

including physical discipline—and excessive corporal punishment.  S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2017).

Walker is not similarly situated to other domestic violence victims included in the definition of household member.  Therefore, Walker has not presented a valid equal protection claim.   He also argues his due process rights were violated.  However, he cites no legal authority that supports his due process claim, and we have found none. The circuit court correctly denied his claim for early parole eligibility.

**AFFIRMED**.


**HEARN, Acting Chief Justice, JAMES, J., and Acting Justices Jan Benature Bromell Holmes and Arthur Eugene Morehead, III, concur.**