# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Diannia R. Taylor, Appellant,

v.

Reginald B. Taylor, Respondent.

Appellate Case No. 2019-002084

---

Appeal From Greenville County
Tarita A. Dunbar, Family Court Judge

---

Opinion No. 5978
Submitted December 1, 2022 – Filed April 12, 2023

---

**REVERSED**

---

Melinda Q. Taylor, of Collins Family Law Group, of
Monroe, North Carolina, and Tamika Devlin Cannon, of
S.C. Victim Assistance Network, of Taylors, both for
Appellant.

Walter Christopher Castro, of ALAW, of Greenville, for
Respondent.

---

**HILL, A.J.:** Diannia Taylor (Mother) petitioned the family court for various relief, including for an order of protection under the Protection from Domestic Abuse Act[1] (the Act) based on allegations her husband, Reginald B. Taylor (Husband), had physically and sexually abused her. Mother also alleged Husband had molested

---

[1] S.C. Code Ann. § 20-4-10 to -160 (2014 & Supp. 2022).

A.R., her minor daughter from a previous relationship. Mother sought protection from Husband for herself and A.R., as well as custody of the couple's minor sons.

At the emergency hearing, Mother and Husband indicated they had reached an agreement as to the order of protection for Mother but not as to an order of protection for A.R. The family court granted the order of protection as to Mother, finding Husband abused Mother and A.R. However, the family court ruled it could not include A.R. in the order of protection because A.R. did not meet the definition of "household member" under the Act. Mother now appeals.

## I. DISCUSSION

Mother argues the family court erred in ruling the Act does not allow orders of protection to be granted to minor household members such as A.R. who are not spouses of, former spouses of, previous cohabitants with, or who have a child in common with the alleged abuser.

This appeal turns on the Act's legislative intent. In construing this intent, we begin by reviewing the text of the Act. When the text is plain and unambiguous, we must enforce it as written. *Smith v. Tiffany*, 419 S.C. 548, 555–56, 799 S.E.2d 479, 483 (2017). We have no license to alter or shade the plain meaning in an effort to stretch or shrink the scope of a statute. *Centex Int'l, Inc. v. S.C. Dep't of Revenue*, 406 S.C. 132, 139, 750 S.E.2d 65, 69 (2013). Nor do we have any authority to isolate the words of a statute and ignore our obligation to interpret the statute as a whole, harmonizing the statutory scheme by giving each section effect. *Id.*

The phrase "household member" is plainly defined by the Act as:

> (i) a spouse;
> (ii) a former spouse;
> (iii) persons who have a child in common;
> (iv) a male and female who are cohabiting or formerly
> have cohabited.

S.C. Code Ann. § 20-4-20(b) (2014 & Supp. 2022). This definition does not include a minor such as A.R. *See Fruehauf Trailer Co. v. S.C. Elec. & Gas Co.*, 223 S.C. 320, 325, 75 S.E.2d 688, 690 (1953) (legislative definition "should be followed in the interpretation of the act or section to which it relates and is intended to apply"). However, our inquiry into whether the legislature intended A.R. to be entitled to an order of protection under the Act does not end here. This is so because, as we shall

see, the Act unquestionably refers to protecting "minor" household members several times, without further definition.

To advance our inquiry, we first consider what the words of the Act tell us about its intended scope. "'Order of protection' means an order of protection issued to protect the petitioner or minor household members from the abuse of another household member . . . ." S.C. Code Ann. § 20-4-20(f) (2014). "'Abuse' means: (1) physical harm, bodily injury, assault, or the threat of physical harm; (2) sexual criminal offenses, as otherwise defined by statute, committed against a family or household member by a family or household member." S.C. Code Ann. § 20-4-20(a) (2014). "A petition for relief under this section may be made by any household members in need of protection or by any household members on behalf of minor household members." S.C. Code Ann. § 20-4-40(a) (2014).

We pause to acknowledge that since the Act's passage in 1984, the legislature has tweaked the definition of "household member" several times. 1994 Act No. 519, §§ 2, 3; 2003 Act No. 92, § 11; 2005 Act No. 166, § 7. The evolution of the definition of the term shows the legislature has consistently narrowed it down to its current definition as shown above. This could suggest the legislature intended to make the Act inapplicable to most minors, as few minors would meet the current definition of "household members." However, we find the language the legislature has left in the Act is more compelling then what it has taken out. Despite the Act's several revisions, the legislature has retained the phrase "minor household members" in § 20-4-20(a) and § 20-4-40(a). By keeping the phrase "minor household members" in the Act, we infer the legislature intended to allow minors who do not meet § 20-4-20(b)'s definition of "household members" to receive orders of protection from domestic abuse. After all, there would be no need for the legislature to include the word "minor" before "household members" if it intended for the Act to only protect minors who already met the narrow definition of "household members." Such minors would simply be "household members," leaving the word "minor" with no work to do. *See CFRE, LLC v. Greenville Cnty. Accessor*, 395 S.C. 67, 74, 716 S.E.2d 877, 881 (2011) (providing courts "must read the statute so 'that no word, clause, sentence, provision or part shall be rendered surplusage, or superfluous,' for '[t]he General Assembly obviously intended [the statute] to have some efficacy, or the legislature would not have enacted it into law.'" (alterations in original) (quoting *State v. Sweat*, 379 S.C. 367, 377, 382, 665 S.E.2d 645, 651, 654 (Ct. App. 2008))).

We conclude the Act extends protection to minor household members such as A.R. This construction of the Act best comports with the purpose and intent of the Act. *See Doe v. State*, 421 S.C. 490, 505, 808 S.E.2d 807, 815 (2017) (stating the "overall

legislative purpose [of the Act] is to protect victims from domestic violence that occurs within the home and between members of the home"); *Moore v. Moore*, 376 S.C. 467, 476, 657 S.E.2d 743, 748 (2008) ("The Protection from Domestic Abuse Act was enacted to deal with the problem of abuse between family members. The effect of the Act was to bring the parties before a judge as quickly as possible to prevent further violence."); *see also* 2A Sutherland *Statutory Construction* § 47.7 (7th ed.) (statutory definitions may not bind courts when they "defeat a statute's major purpose"). Our conclusion gathers further support from the text of § 20-4-60(a) (2014), which provides orders of protection "shall . . . protect the petitioner or the abused person or persons on whose behalf the petition was filed . . . ." As we have seen, the only persons who may have a petition filed on their behalf are "minor household members." § 20-4-40(a). If the only minors the Act protected were minors who are spouses of, former spouses of, cohabitants with, or who have a child in common with the abuser, it would be unlikely in such instances that there would also be an adult who met the technical definition of "household member" so as to allow the adult to file a petition for protection on the minor's behalf. That would mean such minors would not have access to the courts to enforce the Act.

Interpreting the Act as only protecting minors who meet the definition of household members thwarts the purpose and intent of the Act. It would also leave us with an Act that allows a petitioner living in a household with a domestic abuser to deploy the Act to protect their pets but not their children. *Unisun Ins. Co. v. Schmidt*, 339 S.C. 362, 368, 529 S.E.2d 280, 283 (2000) ("We will reject a statutory interpretation when to accept it would lead to a result so plainly absurd that it could not have been intended by the legislature or would defeat the plain legislative intention."); S.C. Code Ann. § 20-4-60(C)(8) (Supp. 2022) (providing in an order of protection, the family court may prohibit the respondent harming or harassing "any pet animal owned, possessed, kept, or held by: (a) the petitioner; (b) any family or household member designated in the order; (c) the respondent if the petitioner has a demonstrated interest in the pet animal"); *cf. State v. Walker*, 422 S.C. 89, 90–91, 810 S.E.2d 38, 39 (2018) (holding § 16-25-10(3)'s definition of "household member" for purposes of determining early parole eligibility for persons convicted of crimes against a household member did not apply to defendant who had murdered father who had abused him).

We therefore interpret the term "minor household member" as used in the Act to include all minors who need protection and who live in the same household as a petitioner and an abusive household member, not just minors who meet the strict definition of "household member" set forth in section 20-4-20(b). Because A.R. was

a minor living in the same home as the petitioner (Mother) and the alleged abuser (Husband), we find the family court erred by not granting an order of protection to A.R.

**REVERSED.**[2]

**GEATHERS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.